Good morning. I'm Robert B. Weintraub. I represent the appellant on the appeal who is the initial movement on this 10 T-80 motion and I also represent her in opposition to Eckershield's cross motion. Now the general rule of the closed appellate record is not absolute. We want the court to grant the right to supplement the record and to submit a supplemental appendix as to two different issues that concern about four documents. Now the general rule of the closed appellate record is not absolute. I can supplement the record in the appeals court either under FRAP 10 E2C if anything material to either party is omitted from or misstated in the record by error or accident. That's not the case here, right? It is basically not applicable here. That's correct. Let's move on to what is applicable and what is the basis of your motion. Well, the federal rule of evidence 201 for judicial notice is one of the main reasons I think we have the right to supplement. You can supplement for adjudicative facts not subject to reasonable dispute and which were either generally known within the trial court's territorial jurisdiction or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. And the third is there is an inherent equitable authority in the federal appeals courts, which I think is a separate reason. It's also places of gloss, I think. But I mean the question I think is assume that the documents you have in mind are ones of which we could take judicial notice so you don't need to lay a foundation for their admission. What aren't these documents about things that happened after the proceedings in Some are, some are not. Well, you're only talking about four documents. Excuse me? You're only talking about four documents, is that correct? Correct. So why don't you tell us which ones are and which ones are not. Okay, the first document I want to discuss concerns LinkedIn pages concerning Aaron Van Nunn who signed the petition by the executive CFO. It turns out while Van Nunn signed the verification as the CFO of Equishield, we think there's an omission or misstatement there. If you think, I don't need to go into why. Now I'm entirely puzzled. Why would a LinkedIn page, first of all, be something of which we can take judicial notice apparently for the truth of something that is said on a social media outlet? And that would be the first question. The second question would be, how is this anything other? Why wasn't this available? I mean, this LinkedIn page wasn't created until after the proceedings in the district court? No, it was created before. So why wasn't this, if this was relevant to your case, why wasn't it presented in the district court? In which case it would be part of the record, either as an exhibit that was excluded by the district court or as something that was taken into account in evidence. We had no reason to think that the way he described himself was inaccurate. Now, he, the reason it's material, or should I assume it's material, given how you want me to approach this. No, I just asked a question. Okay, I'm saying that the reason is that we had no reason to question it. And after the notice of appeal. But again, if you have no reason to question something and you don't question it in the district court and proceedings conclude, you can reopen that usually in the district court if it qualifies as relevant and material, newly discovered evidence. I'm not aware of a situation in which somebody who failed to investigate a fact previously finds something after the fact and then brings it to us. Well, the notice of appeal had already been filed here. So since you do have the jurisdiction to supplement, we thought it made more sense to do that here. What difference does it make? I mean, how is it material? It's material because the Equishield has denied the officership of certain people critical to this case on the merits. And my client, who was a fairly senior person with a biomedical degree and an MBA, has put in an affidavit saying that Crelly was the product manager of both the subsidiary and the parent. And therefore, it was obligated to arbitrate. And also, she's identified in that declaration that Eric Shemtov was the CEO. Neither Crelly nor Shemtov have ever put any document into evidence, under oath or otherwise. And the only person who has concerning this issue is Ben Nunn. And so we want to show that Ben Nunn isn't what he says he is. Now, there is some other... You could have found that out long ago. As I said, we didn't see any reason to question when somebody signs a verification. You're correct. I'd like to get on to the other document, which is after the Notice of Appeal was filed and was created. The event was after the Notice of Appeal was filed. We filed into something that happened after the Notice of Appeal was filed and the case was closed in the district court. Be relevant to the question before us, which I take it will be whether the district court erred in some way in the decision it made on the record before it. Now, again, it goes to the credibility of the witnesses. You expect us to make a determination that witnesses who appeared before the district court were not credible based on evidence that did not exist at the time the district court determined credibility and that you are presenting the Court of Appeals with for the first time. Is that a fair statement of what you're asking us to do? I'm not sure I agree with that completely. It seems to me that we said that our client, the plaintiff in the arbitration, which the petition concerns, was told by her bosses that her share of the company was going to be worth $10 million or more. And at that point, there had been no transaction to quantify that. And after the Notice of Appeal was filed, there was a transaction whereby Nordic Capital, a private firm, invested $300 million in Equishield for 25% of the company. That valued the company, including some dividends that were paid out at the time, private company, at $1.3 billion. The concern here is not what may have happened after the Notice of Appeal was filed, though, and after the judgment. I mean, we're here to correct error in the district court. The district court erred in some way. I don't think error is required for a judicial notice under 201. But it's being taken for a factual matter, going to credibility. We don't even have authority to assess credibility. Well, you do in the sense that we have the announcement by Equishield of this merger, the public announcement, which clearly is an admission of a party opponent, if that's what you're talking about. They issued the press release, along with Nordic Capital, that is admission by a party opponent. It is not hearsay. In addition, there is a news article on the same day interviewing the CEO of the company, which says the value is $1.3 billion, and that gets admissible that it's a commercial publication. It says to me you want to reopen the proceedings in the district court. I don't know why you're bringing this to our attention. Because since the Notice of Appeal was filed and— Well, they don't have jurisdiction. Are you saying we should remand to the district court? No, not at all. I filed my initial appeal brief.  I think you have the authority. Rule 201 states you do. I believe in some paragraph. Rule 201 is a rule of evidence. It relates to what courts can take judicial notice of. That's a completely different question than the question under FRAP 10, which has to do with under what circumstances an appellate court can expand the record. That's a different question. Well, I'm saying that under Federal Rule of Evidence 201 in the Note F, it says that you can take judicial notice for the first time at the appellate level. I think we have your argument. Thank you. Yeah. Mr. Goldstein. Good morning, Your Honors. Dan Goldstein of Smith, Gambrell, and Russell, LLP for Petitioner Appellees, Equishield Medical, LTD, and Marino Carelli. Under FRAP 10, evidence that was not submitted to the lower court and is not in the record, a motion can be made to include it in the record if it was omitted by error or accident if the items are material. Neither of that is the case here. The way I look at it is there's two different types of documents. There's a LinkedIn page, and there's evidence or documents relating to damages. So, first of all, damages have nothing to do with the lower court's decision. This is a case about whether to stay in arbitration against non-signatories. My clients, Equishield, LLTD, and Carelli, are foreign companies. Ms. Kadakia was employed by a subsidiary in New York, LLC. Her damages in the arbitrage, so she commenced arbitration against LLC, her employer, and the parent company, and she's claiming that her damages have now increased because after she filed a notice of appeal, there was articles published about an investment into the parent company. These arguments about her damages and the arbitration are not relevant as to whether Equishield, LLTD, which is a non-signatory to her employment agreement, which contains an arbitration clause, whether or not they should be compelled to arbitrate. So the damages are not material at all. With respect to the LinkedIn page, there's no explanation as to why it was not presented to the lower court. I don't see it as being relevant either. The petition was filed by Equishield, LLTD, by an officer, Mr. Ben Nunn. There was no argument presented to the lower court that Mr. Ben Nunn was not the correct person or not authorized to sign the petition, but all the petition did was put in evidence that Ms. Kadakia has an employment agreement with a subsidiary with an arbitration clause and that there's no basis to pierce the corporate veil or to compel non-signatories to arbitrate. So to make this argument after the district court made a decision that there's no agreement to arbitrate, Ms. Kadakia did not allege any of the theories to bind non-signatories. She did not plead the requisite factors to pierce the corporate veil. To now argue after she made this correct decision that, well, Mr. Ben Nunn actually is not an officer because there's a LinkedIn page where he doesn't claim to be, it wasn't presented to the lower court. We would have responded to it to show certainly he is an officer qualified to sign this petition, but it's not in the record, it wasn't presented, and it could have been, and it's also not material because all the petition did was put in the employment agreement and also the fact that Ms. Kadakia has a separate stock option agreement with LTD that has a form selection clause for disputes to be resolved in Israel. So none of those facts would be challenged if the LinkedIn page had been put into evidence. Unless your honors have any further questions for me. Thank you. We'll take this under advisement. Thank you both.